**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 10, 2013

LETTER TO COUNSEL:

      RE:    *Christopher Kopec v. Commissioner, Social Security Administration*;
               Civil No. SAG-12-1492

Dear Counsel:

      On May 17, 2012, the Plaintiff, Christopher Kopec, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Kopec originally filed his claim on January 22, 2010, alleging disability beginning on January 14, 2010. (Tr. 151-57). His claim was denied initially on June 18, 2010, and on reconsideration on August 6, 2010. (Tr. 71-76). After a postponement to allow Mr. Kopec to obtain counsel, a hearing was held on August 22, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 29-68). Following the hearing, on September 16, 2011, the ALJ determined that Mr. Kopec was not disabled during the relevant time frame. (Tr. 7-22). The Appeals Council denied Mr. Kopec's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Kopec suffered from the severe impairments of "degenerative disc disease, status post laminectomy, morbid obesity, mood disorder nos [not otherwise specified], learning disability and dependent personality disorder." (Tr. 12). Despite these impairments, the ALJ determined that Mr. Kopec retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a), except he requires the option to change positions at the workstation at will. He is limited to occasional stooping, twisting, crouching, kneeling, crawling, balancing, and climbing stairs and ramps. However, he can never climb ladders, ropes, or scaffolds. He can understand, remember, and carry out simple instructions. He can only perform simple routine tasks and have occasional required interaction with the public.

*Christopher Kopec v. Commissioner, Social Security Administration*
Civil No. SAG-12-1492
April 10, 2013
Page 2

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Kopec could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 18-19).

Mr. Kopec presents four arguments on appeal: (1) that the ALJ had an insufficient evidentiary foundation for his mental RFC; (2) that the ALJ failed to adequately evaluate the Listings at step three; (2) that the ALJ failed to properly consider his obesity because his precise weight is not established in the record; and (4) that the ALJ improperly penalized him for being unable to afford medical treatment. Each argument lacks merit.

Mr. Kopec's first and primary argument is a lack of evidentiary foundation for the mental RFC found by the ALJ. Pl. Mot. 5. Specifically, Mr. Kopec contends that the ALJ asserted that she was providing for "no changes in work setting," but failed to include that limitation in her hypothetical to the VE or the RFC. *Id.* While the ALJ's wording was perhaps inartful, the limitation to "simple routine tasks" inherently limits the number of changes in the work setting. The ALJ provided a detailed analysis of her evaluation of the mental consultative examination performed by Dr. Anderson, and described her determination that the limitation to "simple, routine work" with only "occasional required interaction with the public" would adequately address Mr. Kopec's mental impairments. (Tr. 15-17). Substantial evidence therefore supports the ALJ's determination, and the ALJ has sufficiently discharged her duty of explanation. Accordingly, I find no basis for remand.

Second, Mr. Kopec argues that his mental impairments were not evaluated at the initial and reconsideration levels. Pl. Mot. 5. The Commissioner counters that Mr. Kopec did not allege any mental impairment during those stages of the process. Regardless, the ALJ's opinion constitutes the final, reviewable opinion of the Commissioner. *See* 42 U.S.C.A. § 405(g); 20 C.F.R. §§ 404.900(a)(4)–(5), 404.955, 404.981, 422.210(a). The ALJ's opinion, at step three, appropriately evaluates Mr. Kopec's mental impairments in accordance with the special technique. (Tr. 13-14).

Mr. Kopec's third argument is that the ALJ failed to appropriately consider his obesity because his precise weight is not available in the record. The consultative examiner who saw Mr. Kopec had a scale capable of recording weights up to 330 pounds. Mr. Kopec told the examiner that he weighed 380 pounds. (Tr. 234). Regardless, the ALJ is not required to establish a claimant's precise weight in order to adequately consider the effects of morbid obesity on a claimant's ability to perform work functions. SSR 02-1p, 2002 WL 348686281, at *3 (Sept. 12, 2002) ("When establishing the existence of obesity, we will generally rely on the judgment of a physician who has examined the claimant and reported his or her appearance and build, as well as weight and height."). In Mr. Kopec's case, the ALJ listed morbid obesity as a severe impairment, (Tr. 12); approximated Mr. Kopec's body mass index, *id.*; included language regarding her responsibility to consider obesity in connection with other impairments at all steps in the sequential evaluation, (Tr. 12-13); and relied on the findings of the physical consultative

examiner who attributed many of Mr. Kopec's physical restrictions to his morbid obesity. (Tr. 15, 17). Moreover, in light of Mr. Kopec's obesity, the ALJ found a reduced exertional capacity from that recommended by the state agency medical consultants. (Tr. 17). In light of the extensive consideration of Mr. Kopec's obesity, remand is unwarranted.

Mr. Kopec's fourth argument is that the ALJ improperly penalized him for being unable to afford medical treatment. Pl. Mot. 6-7. In fact, the agency appropriately developed medical evidence in this case, leaving the ALJ with a sufficient factual basis for her analysis. Mr. Kopec received both a physical and a mental consultative examination. (Tr. 234-37, 264-72). Although one of the state agency physicians, Dr. Najar, cited Mr. Kopec's failure to seek treatment for his orthopedic issues, the ALJ did not rely on Dr Najar's determination and imposed a far more restrictive RFC than Dr. Najar had recommended. (Tr. 17, 238-45). The medical evidence of record supported the RFC found by the ALJ, and nothing in the ALJ's opinion indicates that she discounted Mr. Kopec's allegations solely on the basis of lack of medical treatment.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge